1  Gidon M. Caine (SBN 188110)
2  Philip D. W. Miller (SBN 280537)
   **ALSTON & BIRD LLP**
3  1950 University Avenue, Suite 500
   East Palo Alto, California 94303
4  Tel:  650-838-2000
   Fax:  650-838-2001
5  *gidon.caine@alston.com*
   *philip.miller@alston.com*

6  *Attorneys for Defendant OANDA Corporation*

7

8              **UNITED STATES DISTRICT COURT**

9          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                    **SAN JOSE DIVISION**

11

12

13  ANTONIO MEDINA,                    Case No.: 5:16-cv-2170-EJD

14           Plaintiff,               **DEFENDANT'S NOTICE OF MOTION
                                      AND MOTION TO TRANSFER VENUE
15    v.                              PURSUANT TO 28 U.S.C. § 1404(a);**
                                      *OR, IN THE ALTERNATIVE,*
16  OANDA LLC, and DOES 1-20,         **TO DISMISS PURSUANT TO
                                      FED. R. CIV. P. 12(b)(6);**
17           Defendants.             *AND* **MOTION TO STAY DISCOVERY**

18                                    Hon. Edward J. Davila

19                                    <u>Hearing Reservation</u>
                                      Date: September 8, 2016
20                                    Time: 9:00 a.m.
                                      Court: Courtroom 4, 5th Floor
21

22                                    [Filed concurrently with Memorandum of
                                      Points and Authorities, Declaration of Natasha
23                                    Lala, and Proposed Order]

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

I.     PRELIMINARY STATEMENT ......................................................................................... 2

II.    STATEMENT OF THE ISSUES ...................................................................................... 3

III.   FACTUAL AND PROCEDURAL HISTORY ................................................................. 3

IV.    ARGUMENT ................................................................................................................... 4

      A.     This Case Should be Transferred to the Southern District of New York ..................... 4

      B.     The Complaint Should be Dismissed for Failure to State a Claim ............................. 9

      C.     Discovery Should be Stayed Pending Resolution of these Motions .......................... 18

V.     CONCLUSION .............................................................................................................. 19

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

C<small>ASES</small>

*Allianz Global Corp. & Speciality v. Chiswick Bridge*,
2014 U.S. Dist. LEXIS 132593 (S.D.N.Y. Sept. 19, 2014)........................................ 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...................................................................................... 10

*Atlantic Marine Const. Co., Inc. v. United States Dist. Ct. for Western Dist. of Texas*,
134 S.Ct. 568 (2013)....................................................................................2, 5, 6

*Bank of the West v. Superior Court*,
2 Cal. 4th 1254 (1992) ................................................................................... 13

*Batchelder v. Kawamoto*,
147 F. 3d 915 (9th Cir. 1998)............................................................................. 6

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................... 10

*Bense v. Interstate Battery Sys. of Am.*,
683 F.2d 718 (2d Cir. 1982)............................................................................... 8

*Bluefire Wireless, Inc. v. Cloud 9 Mobile Communications, Ltd.*,
2009 U.S. Dist. LEXIS 119009 (S.D.N.Y. Dec. 21, 2009) .......................................... 8

*Butler-Rupp v. Lourdeaux*,
134 Cal.App.4th 1220 (2005)............................................................................ 18

*Camenisch v. Superior Court*,
44 Cal.App.4th 1689 (1996) ............................................................................. 18

*Carnival Cruise Lines, Inc. v. Shute*,
499 U.S. 585 (1991) ........................................................................................ 8

*Central National-Gottesman, Inc. v. M.V. "GERTRUDE OLDENFORFF"*,
204 F. Supp. 2d 675 (S.D.N.Y. 2002) ................................................................... 7

*Committee on Children's Television, Inc. v. General Foods Corp.*,
35 Cal.3d 197 (1983) ..................................................................................15, 17

*Cooper v. Pickett*,
137 F.3d 616 (9th Cir. 1997)............................................................................. 16

*Davis v. Masunaga Grp., Inc.*,
204 F. Supp. 2d 657 (S.D.N.Y. 2002) ................................................................... 8

*Docksider, Ltd. v. Sea Technology, Ltd.*,
    875 F. 2d 762 (9th Cir. 1989).................................................................................... 7

*Erlich v. Menezes*,
    21 Cal.4th 543 (1999) ........................................................................................... 18

*GAB Business Services, Inc. v. Lindsey & Newsom Claim Services, Inc.*,
    83 Cal.App.4th 409 (2000) ................................................................................... 15

*Hanni v. American Airlines, Inc.*,
    2009 U.S. Dist. LEXIS 49338 (N.D. Cal. May 27, 2009) ....................................... 18

*Haskell v. Time, Inc.*,
    857 F. Supp. 1392 (E.D. Cal. 1994) ...................................................................... 11

*Hasso v. Hapke*,
    227 Cal. App. 4th 107 (2014)................................................................................. 15

*J.B. Harris, Inc. v. Razei Bar Indus., Ltd.*,
    37 F. Supp. 2d 186 (E.D.N.Y. 1998) ........................................................................ 8

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009)................................................................................ 16

*Knox v. Dean*,
    205 Cal.App.4th 417 (2012) ................................................................................. 15

*Lazar v. Superior Court*,
    12 Cal.4th 631 (1996) ........................................................................................... 17

*Leoni v. State Bar*,
    39 Cal. 3d 609 (1985) ........................................................................................... 13

*Little v. City of Seattle*,
    863 F.2d (9th Cir. 1988) ........................................................................................ 18

*LP Digital Solutions v. Signifi Solutions, Inc.*,
    921 F. Supp. 2d 997 (C.D. Cal. 2013) ...................................................................... 9

*M/S Bremen v. Zapata Off-Shore Co.*,
    407 U.S. 1 (1972) ...........................................................................................4, 6, 8

*Manetti-Farrow, Inc. v. Gucci America, Inc.*,
    858 F.2d 509 (9th Cir. 1988).............................................................................. 4, 8

*McKell v. Washington Mutual, Inc.*,
    142 Cal.App.4th 1457 (2006)................................................................................. 14

*Mercury West A.G., Inc. v. R.J. Reynolds Tobacco Co.*,
    2004 U.S. Dist. LEXIS 3508 (S.D.N.Y. Mar. 5, 2004) ............................................. 9

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001)...................................................................................... 10

*North Star Int'l v. Ariz. Corp. Comm'n*,
   720 F.2d 578 (9th Cir. 1983)...................................................................................... 10

*Pac. Lumber Co v. Nat'l Union Fire Ins. Co*,
   220 F.R.D. 349 (N.D. Cal. 2003) ............................................................................... 18

*Parrino v. FHP, Inc.*,
   146 F.3d 699 (9th Cir. 1998)...................................................................................... 11

*Pasadena Live v. City of Pasadena*,
   114 Cal.App.4th 1089 (2004) ..................................................................................... 15

*Ragland v. U.S. Bank National Assn.*,
   209 Cal. App. 4th 182 (2012).................................................................................15, 17

*Scott v. Metabolife Internat., Inc.*,
   115 Cal. App. 4th 404 (2004)..................................................................................... 12

*Shannon v. Albertelli Firm, P.C.*,
   610 F. App'x 866 (11th Cir. 2015).............................................................................. 18

*Small v. Fritz Companies, Inc.*,
   30 Cal. 4th 167 (2003)............................................................................................... 17

*Smith v. Superior Court*,
   10 Cal.App.4th 1033, 1040 (1992) ............................................................................. 18

*Spinks v. Equity Residential Briarwood Apartments*,
   171 Cal. App. 4th 1004 (2009)................................................................................... 14

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001)..................................................................................10, 11

*Stewart Organization, Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988) ...................................................................................................... 5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) .................................................................................................. 10

*TradeComet.com LLC v. Google, Inc.*,
   693 F. Supp. 2d 370 (S.D.N.Y. 2010) .......................................................................... 7

*Vega v. JP Morgan Chase Bank, N.A.*,
   654 F. Supp. 2d 1104 (E.D. Cal. 2009) ...................................................................... 16

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003).................................................................................... 16

*Walker v. Carnival Cruise Lines,*
    63 F. Supp. 2d 1083 (N.D. Cal. 1999) ...................................................................... 6

**RULES**

Fed. R. Civ. P. 9(b) ........................................................................................16, 17

Fed. R. Civ. P. 12(b)(6) ..................................................................................10, 11

Fed. R. Civ. P. 26(c) ........................................................................................... 18

**STATUTES**

28 U.S.C. § 1404(a) ....................................................................................2, 3, 5, 6

28 U.S.C. §1446(b) ................................................................................................ 4

Cal. BPC § 17500 ................................................................................................ 13

1  **TO THE HONORABLE COURT, ALL PARTIES, THEIR ATTORNEYS OF RECORD,**

2  **AND THE CLERK OF THIS COURT:**

3      **PLEASE TAKE NOTICE** that on September 8, 2016 at 9:00 a.m. in the courtroom of the

4  Honorable Edward J. Davila, United States District Court for the Northern District of California, San

5  Jose Courthouse, Courtroom 4, 5th Floor, 280 South 1st Street, San Jose, California 95113,

6  defendant OANDA Corporation ("OANDA" or the "Company," sued here erroneously as "OANDA

7  LLC"), by its attorneys Alston & Bird LLP, will and hereby does move this Court to transfer venue

8  or, alternatively, to dismiss plaintiff's complaint with prejudice.   OANDA also moves to stay

9  discovery pending resolution of these motions.

10      Pursuant to 28 U.S.C. § 1404(a), OANDA moves this Court for an Order transferring this

11  action to the United States District Court for the Southern District of New York.  As a threshold

12  matter, OANDA's motion to transfer should be granted because a mandatory forum selection clause

13  requires plaintiff to bring the claims he asserts against OANDA in New York.  Should this Court

14  conclude that venue in the Northern District of California is proper, pursuant to Fed. R. Civ. P.

15  12(b)(6), OANDA moves to dismiss because the complaint fails to state a claim upon which relief

16  can be granted.  Finally, OANDA moves to stay discovery pending resolution of these motions.

17  OANDA's memorandum of points and authorities in support of this motion is filed herewith.

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PRELIMINARY STATEMENT

Before opening an account or trading on its foreign currency exchange platform, OANDA requires that all customers, including Plaintiff Antonio Medina ("Medina") agree to the terms of its customer agreement.  Among those terms, including ones governing deposits and withdrawals, and margin requirements, the customer agreement includes a forum selection clause that requires all disputes to be adjudicated in New York.  On page 14, under the section heading "Law and Venue," in bold typeface, the agreement provides that:

> **Any judicial or administrative action or proceeding arising directly or indirectly under this Agreement or in connection with the transactions contemplated by this Agreement, whether brought by you or by OANDA, shall be held, at the sole discretion of OANDA, within New York County, State of New York exclusively. You hereby consent and submit to, and waive any objections you may have to such venue, and you further agree to waive and forego any right you may have to transfer or change the venue of any action or proceedings encompassed by this Agreement.**[1]  (emphasis in original.)

Under governing law, this forum selection clause is presumed to be valid, and there is no indication of fraud, or "strong showing" of why enforcement of the provision would be unjust, to undermine that presumption.  OANDA and Medina agreed that any disputes should be resolved in New York, and agreed that they would not object to New York as the appropriate venue to resolve those disputes.  According to the Supreme Court's decision in *Atlantic Marine Const. Co., Inc. v. United States Dist. Ct. for Western Dist. of Texas*, 134 S.Ct. 568, 579 (2013), the change of venue law codified at 28 U.S.C. § 1404(a) provides that in cases involving a valid forum selection clause, a District Court should issue an Order transferring the case to the proper venue—here, to the United States District Court for the Southern District of New York.

Independent of improper venue, the complaint should be dismissed because it fails to state a

---

[1] *See* Declaration of Natasha Lala ("Lala Decl.") ¶ 4.  OANDA fxTrade customer agreements are attached to the Lala Decl. as Exhibits A and B.

claim upon which relief can be granted.  The complaint alleges *seven* causes of action against OANDA, all of which stem from the same purported conduct.  Although the specifics are somewhat unclear, taken in the light most charitable to Medina, he appears to allege that OANDA failed to provide a competitive "spread" (which he describes as the difference between buy and sell quotes for foreign currency trades); that OANDA charged him "fictitious interest for non-existing money"; that OANDA encouraged him to trade the funds in his account so OANDA could "benefit from trading spread fees"; and that OANDA failed to follow his trading instructions.  (Complaint ¶¶ 5, 6.)  Medina alleges that OANDA made certain representations to him regarding this conduct (*Id.* ¶ 4), though he pleads no facts regarding a contract, not to mention specific contract terms, which might apply.  Construed in the light most favorable to Medina, these allegations perhaps might (were relevant and necessary facts pled) describe a cause of action under a contract, but Medina drums up additional claims including infliction of emotional distress and breach of fiduciary duty, all of which should be dismissed as add-ons unsupported by law.  Finally, any discovery in this action should be stayed pending resolution of these motions to transfer and dismiss.

## II.     STATEMENT OF THE ISSUES

The issues before this court are: (1) whether, under 28 U.S.C. § 1404(a) and according to the terms of the mandatory forum selection clause in the customer agreement between Medina and OANDA, this case should be transferred to the United States District Court for the Southern District of New York; (2) whether, in the event that this Court determines venue is appropriate, Medina failed to state a claim upon which relief can be granted for any of his seven causes of action against OANDA; and (3) whether discovery should be stayed pending resolution of these motions.

## III.    FACTUAL AND PROCEDURAL HISTORY

OANDA is a foreign exchange company that provides internet-based foreign exchange trading, online foreign currency transfers, and currency services information.  (Complaint ¶¶ 1, 4.)

In 2005, Medina opened an account with OANDA to trade foreign currency using OANDA's online platform.  (*Id.* ¶ 4.)  On February 29, 2016, Medina commenced this action in State Court by

filing a complaint captioned *Antonio Medina v. OANDA LLC, and Does 1 through 20, Inclusive,* Santa Clara County Superior Court Case No. 16CV292101.[2]  The complaint alleges seven causes of action against OANDA: (1) breach of warranty; (2) false advertising; (3) breach of oral contract; (4) breach of covenant of good faith and fair dealing; (5) breach of fiduciary duty; (6) fraud; and (7) infliction of emotional distress.  On April 22, 2016, OANDA timely removed the action to this Court pursuant to 28 U.S.C. §1446(b).

## IV.   ARGUMENT

### A.   This Case Should be Transferred to the Southern District of New York

"Forum selection clauses are *prima facie* valid," and are "enforceable absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'"  *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).  The opposing party has the burden "to show that trial in the contractual forum would be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *M/S Bremen*, 407 U.S. at 18.

Because the forum selection clause in the customer agreement is mandatory and specifies a

---

[2] Medina has a history of engaging in various lawsuits under a host of aliases, and has been convicted of at least one criminal offense involving bank fraud.  *Antonio Medina Puerta v. U.S.*, 121 F.3d 1338 (9th Cir. 1997) (affirming summary judgment that bank appropriately provided information to federal agent after Medina made fraudulent withdrawals from account opened under an alias); *U.S. v. Puerta*, 38 F.3d 34 (1st Cir. 1994) (affirming conviction for bank fraud); *U.S. v. Puerta*, 982 F.2d 1297 (9th Cir. 1992) (reversing conviction regarding unlawful procurement of citizenship); *Medina v. Microsoft*, No. 14-cv-00143 (N.D. Cal. Aug. 7, 2014) (granting Microsoft a protective order in patent infringement and unfair competition lawsuit); *Antonio Medina-Puerta v. Goon*, No. G045387 (Cal. Ct. App. June 27, 2012) (affirming judgment for child support payments after trial court found Medina "routinely hid money and paid normal living expenses by manipulating his children's trust accounts and opening bank accounts under various aliases"); *Medina v. Citibank West,* No. G039258 (Cal. Ct. App. June 11, 2009) (affirming dismissal of suit alleging wrongful dishonor of payment order, breach of contract, negligence, and privacy violations); *Antonio Puerta v. Nationwide Mutual Ins. Co.,* No. G038668 (Cal. Ct. App. Mar. 10, 2008) (affirming summary judgment for Nationwide in lawsuit involving claims of, among other things, breach of contract, fraud, and negligent misrepresentation); *Puerta v. Bank of Am.,* No. B083151 (Cal. Ct. App. Sept. 26, 1995) (dismissing suit seeking damages for Medina's arrest when defendant bank contacted sheriff regarding fraudulent withdrawals).

Medina has apparently used a number of other aliases including Anthony Port, Anthony Simon, Medina Puerta, Antonio M. Puerta, Antonio Simon Palmer, Anthony Port Martin, and Anthony Martin Simon.  *Puerta v. U.S.*, 121 F. 3d at 1340.

1    venue other than the court where this action was brought, transfer to the United States District Court

2    for the Southern District of New York is proper.  28 U.S.C. § 1404(a) states that "[f]or the

3    convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil

4    action to any other district or division where it might have been brought or to any district or division

5    to which all parties have consented."  In *Atlantic Marine Const. Co., Inc. v. United States Dist. Ct.*

6    *for Western Dist. of Texas*, 134 S.Ct. 568, 579 (2013), the Supreme Court unanimously held that

7    Section 1404(a) is the proper procedural mechanism to enforce a forum selection clause that points

8    to another federal forum.  Further, the Court articulated the standard governing transfer to the

9    appropriate forum, namely that "only under extraordinary circumstances unrelated to the

10   convenience of the parties should a motion for change of venue for the convenience of the parties, in

11   the interests of justice, be denied."  *Id.* at 581 (citing *Stewart Organization, Inc. v. Ricoh Corp.,* 487

12   U.S. 22, 33 (1988) "a valid forum-selection clause [should be] given controlling weight in all but the

13   most exceptional cases.")

14       The *Atlantic Marine* Court held that the presence of a valid forum selection clause requires

15   district courts to adjust their usual §1404(a) analysis in three ways.  First, "the plaintiff's choice of

16   forum merits no weight."  134 S.Ct. at 581.  The Court observed that when a plaintiff agrees by

17   contract to bring suit only in a specified forum, he has effectively exercised his "venue privilege"

18   before a dispute arises.  "Only that initial choice deserves deference, and the plaintiff must bear the

19   burden of showing why the court should not transfer the case to the forum to which the parties

20   agreed."  *Id.* at 582.  Second, a court evaluating a motion to transfer based on a forum selection

21   clause "should not consider arguments about the parties' private interests."  *Id.*  The Court

22   elaborated that a court "accordingly must deem the private-interest factors to weigh entirely in favor

23   of the preselected forum."  *Id.*  As a consequence, a district court may consider arguments about

24   public-interest factors only, but "because those factors will rarely defeat a transfer motion, the

25   practical result is that forum-selection clauses should control except in unusual cases."  *Id.*  Third,

26   "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a

27   different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-

28

law rules." *Id.*[3]

Determination of whether to transfer a case based on a forum selection clause involves the four-step test articulated in *M/S Bremen*. That analysis requires a court to consider: (1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive; (3) whether the claims and parties involved in the suit are subject to the forum selection clause; and (4) whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust. 407 U.S. at 15.

*First*, the forum selection clause was clearly and expressly stated in its own enumerated paragraph of the customer agreement and reasonably communicated to Medina. *See Batchelder v. Kawamoto*, 147 F. 3d 915, 919 (9th Cir. 1998) (finding shareholder agreed to forum selection clause in deposit agreement by accepting and holding American Depository Receipts for a Japanese corporation); *Walker v. Carnival Cruise Lines*, 63 F. Supp. 2d 1083, 1089-90 (N.D. Cal. 1999) (finding cruise passengers had adequate notice of forum selection clause printed on tickets since they received the tickets in time to cancel for only a small fee); *Allianz Global Corp. & Speciality v. Chiswick Bridge*, No. 13-cv-7559, 2014 U.S. Dist. LEXIS 132593, at *8-9 (S.D.N.Y. Sept. 19, 2014) (a forum selection clause was reasonably communicated to the party resisting its enforcement where the clause was expressed on the face of the agreement). Moreover, the forum selection clause in the customer agreement contains "clear, unambiguous language" identifying New York as the exclusive jurisdiction for legal disputes. *Id.* at *9.

In order to open a foreign exchange trading account and trade using OANDA's platform, a customer must "click to agree" to the terms of the customer agreement. (Lala Decl. ¶ 5.) In 2005, at the time Medina first opened his trading account with OANDA, the Company's customer agreement included exactly the same language as is in the current agreement, providing that New York is the exclusive venue for adjudicating any disputes between a customer and OANDA. (*Id.* ¶ 9, Ex. B at

---

[3] Here, in the diversity context, federal law "governs a motion to transfer venue pursuant to a forum-selection clause." *Atlantic Marine*, 134 S.Ct. at 579. Governing law, as articulated in both the California federal courts and New York federal courts is in agreement.

15.)  At the top of page 1, the agreement states: "IMPORTANT, PLEASE  READ CAREFULLY: In order to open and operate an FXTrade account with OANDA Corporation, you (the "Customer") must agree to the terms and conditions of this customer agreement." (Lala Decl. ¶ 10.)  From the time Medina opened his OANDA trading account through the present date, OANDA's customer agreement has always provided that New York County shall be the exclusive venue for all litigation. (*Id.* ¶ 11.)  Further, under the terms of OANDA's customer agreement, OANDA reserves the right to update the customer agreement on its website and send an email to the customer with the new agreement, which then becomes binding.  Medina received and opened the email containing the current customer agreement—including, as it always has, the forum selection clause—last month. (*Id.* ¶ 8.)

        *Second*, the "Law and Venue" provision of the OANDA fxTrade customer agreement is mandatory.  It provides that "[a]ny judicial or administrative action . . . in connection with the transactions contemplated by this Agreement," namely foreign currency trades using OANDA's platform, "**shall be held within New York County, State of New York exclusively**." (Lala Decl. Ex. A at 14, emphasis in original.)  It sets forth the parties' agreement to "waive any objections you may have to such venue." (*Id.*)  Where the term "venue" is used with mandatory language, the state or district designated is held to be the exclusive forum. *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F. 2d 762, 764 (9th Cir. 1989).  This language is clear that the forum selection clause is mandatory, and so satisfies the second part of the four-part test. *See Central National-Gottesman, Inc. v. M.V. "GERTRUDE OLDENFORFF"*, 204 F. Supp. 2d 675, 678 (S.D.N.Y. 2002) (a forum selection clause will be enforced when there is "language indicating the intent of the parties to make jurisdiction exclusive."); *TradeComet.com LLC v. Google, Inc.*, 693 F. Supp. 2d 370, 378 (S.D.N.Y. 2010), *aff'd in part*, 647 F.3d 472 (2d Cir. 2011) (finding mandatory a forum selection clause providing that all claims "shall be litigated exclusively in the federal or state courts of Santa Clara County, California").

        *Third*, Medina's claims are subject to the forum selection clause.  His alleged causes of action all stem from conduct related to his foreign currency trades on OANDA's platform, which is explicitly contemplated by the customer agreement.  And where, as here, plaintiff asserts tort claims

as well as contract claims, the forum selection still applies. *Manetti-Farrow*, 858 F. 2d at 514. Indeed, "the mere fact that [plaintiff's] Complaint includes claims other than breach of contract . . . is not itself dispositive" to the question of whether plaintiff's claims are covered by the clause. *Bluefire Wireless, Inc. v. Cloud 9 Mobile Communications, Ltd.*, 09 Civ. 7628, 2009 U.S. Dist. LEXIS 119009, at *8 (S.D.N.Y. Dec. 21, 2009) (a plaintiff's tort and state statutory claims were within the scope of a forum selection clause because they were "inextricably intertwined with contract interpretation and [defendant's] performance under the [agreement]"). The clause's language makes clear that "any action arising directly or indirectly under this Agreement or in connection with the transactions contemplated by this Agreement" falls within its scope. (Lala Decl. Ex. A at 14.) *See also J.B. Harris, Inc. v. Razei Bar Indus., Ltd.*, 37 F. Supp. 2d 186, 192 (E.D.N.Y. 1998) (dismissing a fraudulent inducement claim for improper venue because the claim was subject to the relevant agreement's forum selection clause, which addressed disputes "concerning or deriving therefrom" the agreement), *aff'd*, 181 F.3d 82 (2d Cir. 1999); *Davis v. Masunaga Grp., Inc.*, 204 F. Supp. 2d 657, 664 (S.D.N.Y. 2002) ("To further the strong public policy in favor of forum selection clauses, courts have construed them to encompass claims beyond breach of the contract containing the clause.").

*Fourth*, enforcement of the forum selection clause is not unfair, unreasonable, unjust, or invalid for fraud or overreaching. As the Supreme Court has held, forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen*, 407 U.S. at 10; *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 596-597 (1991) (upholding validity of forum selection clause in a form contract). A party "claiming unreasonableness of a forum selection clause bears a heavy burden; in order to escape the contractual clause, he must show that 'the trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" *M/S Bremen*, 407 U.S. at 18. Inconvenience and expense of travelling is not a sufficient basis to invalidate a forum selection clause. *Bense v. Interstate Battery Sys. of Am.*, 683 F.2d 718, 720 (2d Cir. 1982) (rejecting an argument that a forum selection clause should not be enforced because of the inconvenience and expense of travelling to the designated forum); *Bremen*,

407 U.S. at 16-17 ("it is difficult to see why any . . . claim of inconvenience should . . . render [a] forum clause unenforceable.").

Further, Medina cannot show fraud or overreaching. The customer agreement is written in clear terms and organized into numbered paragraphs. Even if Plaintiff argues that the customer agreement was a formality, "in order to invalidate the forum selection clause, the clause itself would have to have been the product of fraud." *Mercury West A.G., Inc. v. R.J. Reynolds Tobacco Co.*, No. 03 Civ. 5262, 2004 U.S. Dist. LEXIS 3508, at *12 (S.D.N.Y. Mar. 5, 2004). *See also LP Digital Solutions v. Signifi Solutions, Inc.*, 921 F. Supp. 2d 997, 1007-09 (C.D. Cal. 2013) (finding that even where parties did not sign the contract containing the forum selection clause, it could still be enforced since parties acquiesced to its terms by performance such that the contract became operative). The forum selection clause was in no way hidden from Medina or buried in the agreement. Instead, "the clause was its own paragraph, set-off by a title clearly indicating its purpose." *Mercury West*, 2004 U.S. Dist. LEXIS 3508, at *12 (enforcing a forum selection clause that was "plainly obvious" within the contract so as to provide the plaintiff with "requisite notice" of its terms). There is simply no allegation that the agreement here was the product of fraud, and Medina cannot meet the "heavy burden" of showing that enforcement of the clause would be unfair or unreasonable. Therefore, this case should be transferred to the United States District Court for the Southern District of New York.

**B.   <u>The Complaint Should be Dismissed for Failure to State a Claim</u>**

The complaint alleges that Medina suffered losses including lost profits and emotional and physical distress as a result of breaches of contract and warranty and other purportedly wrongful acts committed by OANDA related to his foreign exchange trading account. While the complaint repeatedly insists that Medina was misled, that OANDA made false representations, and that the Company's spread was "not competitive," it pleads no facts to support any of Medina's *seven* separate causes of action. Medina claims that OANDA breached a warranty, an oral contract, and the covenant of good faith and fair dealing, but pleads no facts pointing to any such contract or warranty that was breached. In fact, the only contract that appears to be at issue is the OANDA

1    fxTrade customer agreement, entered into by Medina and OANDA at the time he opened his

2    account.   That agreement, in addition to containing a forum selection provision which Medina

3    ignored, includes clauses governing order execution, trading limits, and spreads, and contains

4    explicit warnings about the risks involved in currency trading.[4]   This case appears to involve the

5    claims of a disgruntled investor who ignored warnings about the risks of trading foreign currency

6    and is now suing the platform on which he executed those trades.   There are simply no facts pleaded

7    that support any of the complaint's causes of action, and accordingly the case should be dismissed

8    with prejudice.

9         A complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which

10   relief can be granted.   Fed. R. Civ. P. 12(b)(6).   "To survive a motion to dismiss, a complaint must

11   contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

12   face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

13   U.S. 544, 570 (2007)).   A complaint must provide "more than an unadorned, the-defendant-

14   unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.   "A pleading that offers 'labels and

15   conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   *Id.*   "Nor

16   does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"

17   *Id.*   Dismissal is proper where, as here, there is an absence of sufficient facts alleged to support a

18   cognizable legal theory and where, as here, a complaint is vague, conclusory, general, or fails to set

19   forth any material facts in support of the allegation.   *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

20   2001); *North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983).   The plaintiff

21   bears the burden of pleading sufficient facts to state a claim.   A court is not required to accept as true

22   allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.

23   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

24        Furthermore, in reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court may

25   consider extrinsic documents that are either subject to judicial notice, or are referred to or necessarily

---

[4] Under the section heading "Risk Acknowledgement," the customer agreement states: "You acknowledge that currency trading, including but not limited to margined currency trading, is one of the riskiest forms of investment available in the financial markets and is suitable for institutions and sophisticated individual investors only."  (Lala Decl. Ex. A at 7.)

relied upon in the complaint and where their authenticity has not been questioned.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Sprewell*, 266 F.3d at 988 ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."); *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998) (a court hearing a motion to dismiss "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies.")  A district court may also consider documents that the plaintiff should have attached to the complaint because a plaintiff "ought not be permitted to defeat a motion to dismiss through the artifice of not attaching the critical document to the complaint."  *Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1396-98 (E.D. Cal. 1994).  Consequently, it is appropriate for this Court to consider the OANDA fxTrade customer agreement, governing the issues involved here, which is attached as Exhibit A to the Lala Declaration.

### 1.  *The First Cause of Action for Breach of Warranty Should be Dismissed*

The substance of Medina's allegations are laid out in three paragraphs comprising two pages of the complaint's text.  (Complaint ¶¶ 4-6.)  The specific allegations are vague, but construed most favorably for Medina, he appears to allege that OANDA failed to provide a competitive "spread" (defined as the difference between buy and sell quotes for foreign currency trades); that OANDA charged him "fictitious interest for non-existing money"; that OANDA encouraged him to trade the funds in his account so OANDA could "benefit from trading spread fees"; and that OANDA failed to follow his trading instructions.  (*Id.* ¶¶ 5, 6.)  Medina also alleges that OANDA made certain representations to him regarding this conduct, for example by stating that "exchange rates quoted to customers were an accurate reflection of the average market rates."  (*Id.* ¶ 4.)

The first cause of action alleges breach of warranty.  With respect to this claim, Medina pleads that Defendants "were aware of the fact that the services they provided were substantially speculative foreign exchange trade [sic]."  (*Id.* ¶ 8.)  He goes on to allege that "Defendants did not

1    provide the services advertised to Plaintiff.  The Defendants instead encouraged Plaintiff to trade

2    Funds in his account, for Defendants to benefit from trading fees, interest and use of Plaintiff's funds

3    at Plaintiff's expense."  (*Id.* ¶ 9.)  The complaint does not specify which services advertised to him

4    were not performed.  The complaint does not plead how OANDA's allegedly encouraging him to

5    trade funds in his account constitutes a breach of warranty.  The complaint does not plead how

6    OANDA's purported awareness that the Company's services "were substantially speculative foreign

7    exchange trade" constitutes a breach of warranty.  (In fact, the customer agreement explicitly warns

8    about the risks of currency trading.  (Lala Decl. Ex. A at 7.))

9        The essential elements of a warranty cause of action are: "1. There was a sale of goods; the

10   defendant was the seller, and plaintiff a buyer; 2. Defendant [expressly] [or] [impliedly] warranted

11   the goods sold; 3. There was a breach of warranty; 4. The breach of warranty caused plaintiff to

12   suffer injury, damage, loss or harm; and 5. The plaintiff gave defendant timely notice of the breach

13   of warranty."  *Scott v. Metabolife Internat., Inc.*, 115 Cal. App. 4th 404, 415-16 (2004).  The

14   complaint does not specify the warranty allegedly made by OANDA.  Nor does the complaint plead

15   whether this cause of action relates to an express warranty or an implied warranty.  In fact, the

16   complaint pleads no facts supporting the assertion that OANDA breached any warranty.  Again,

17   taken in the light most favorable to Medina, it appears that the complaint refers to representations

18   allegedly made that "OANDA's exchange rates quoted to customers were an accurate reflection of

19   the average market rates" and that the "spread was to be the only fee charged by OANDA for

20   trading." (Complaint ¶ 4.)  The complaint goes on to state OANDA "represented to Plaintiff that: 1)

21   They would set and offer Plaintiff a competitive spread or better spread than offered by the

22   competition; 2) They would not charge any commission; 2) [sic] They would undertake those actions

23   necessary to trade and exchange US dollars to Euros and vice versa; 3) [sic] They would provide

24   information, including their historical trade prices and spreads, useful to trade and exchange US

25   dollars to Euros and vice versa." (*Id.*)

26       Since the complaint pleads no facts relating to any alleged warranty, this Court should

27   consider the contract explicitly governing the terms of currency trades on OANDA's platform,

28   which specifically addresses the issue of spreads.  At page 4, the fxTrade customer agreement states:

"Spreads may widen or narrow at any time at OANDA's discretion. You acknowledge that markets are not static and changes in such markets, news announcements, political events and periods of low liquidity, may result in widened Spreads. You acknowledge that Spreads may widen at any time and there is no limit to how wide the Spread may be." (Lala Decl. Ex. A at 4.)  Since the complaint pleads no facts to support a claim for breach of warranty, this cause of action should be dismissed.

### 2.   The Second Cause of Action for False Advertising Should be Dismissed

The second cause of action alleges false advertising.  The complaint alleges that "[f]rom August 28, 2005 to the present Defendants commercially advertised by means of their web page and other means that OANDA offered competitive spread in addition to offering no commissions." (*Id.* ¶ 11.)   The complaint alleges that these purported advertisements were misleading because "OANDA's spread was not lower or even equal than that of of their competition [sic]." (*Id.* ¶ 13.)  As a result, the complaint alleges, Medina was "influenced to open and maintain an account" and trade with OANDA, "as well as affected the closing of trades at the wrong price resulting in loss rather than profit." *Id.*

Claims governing false advertising in California are governed by Business and Professions Code Section 17500*ff.  Kasky v. Nike, Inc*., 27 Cal. 4th 939 (Cal. 2002).  The California Supreme Court has stated that these laws prohibit "advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." *Leoni v. State Bar,* 39 Cal. 3d 609, 626 (1985).  To state a claim under the false advertising law, a plaintiff must "show that 'members of the public are likely to be deceived.'" *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992).

Here, the complaint pleads no facts to support this cause of action for false advertising.  The complaint does not plead which statements were false, which statements were actually misleading, or which statements had the likelihood to deceive or confuse the public.  To the contrary, the alleged statements concerning a "competitive spread" about which Medina complains are explicitly addressed by the customer agreement, which states that spreads "may widen at any time and there is no limit to how wide the Spread may be." (Lala Decl. Ex. A at 4.)  Accordingly, since the complaint

1  fails to plead any of the requisite elements for a cause of action regarding false advertising, this

2  claim should be dismissed.

3

4  **3.   *The Third Cause of Action for Breach of Oral Contract Should be Dismissed***

5       In the third cause of action, the complaint alleges that "Defendants entered into an oral

6  contract with Plaintiff by promising to provide brokerage services and follow Plaintiff's instructions

7  to trade his leveraged funds in US dollars and euros in exchange for fees."   (Complaint ¶ 16.)

8  Further, the complaint alleges that OANDA "failed to perform" on this purported oral contract, and

9  "failed to provide a competent service." (*Id.* ¶ 17.)  Specifically, the complaint alleges that OANDA

10  "failed to follow Plaintiff's trade instructions," and that sometimes "Defendants will trade Funds

11  without [plaintiff's] permission or authority under the excuse of margin closeout." (*Id.*)

12       A cause of action for breach of contract requires "pleading of a contract, plaintiff's

13  performance or excuse for failure to perform, defendant's breach and damage to plaintiff resulting

14  therefrom."  *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1031

15  (2009), citing *McKell v. Washington Mutual, Inc*., 142 Cal.App.4th 1457, 1489 (2006).

16       The complaint does not plead the required elements for breach of contract, and in particular

17  pleads no facts supporting the existence of a purported oral contract.  The complaint does not plead

18  the terms of the purported oral contract.  And the complaint fails to plead how Medina was damaged

19  by OANDA's alleged breach.  Again, the only contract with terms applicable to Medina's foreign

20  currency trading is the OANDA fxTrade customer agreement.  That contract specifically warned of

21  risks associated with foreign currency trading, described the Company's margin requirements,

22  explained terms related to orders and trades, including exchange rates, order execution, trading limits

23  and spreads, disclaimed OANDA's providing any investment advice, and stipulated the venue for

24  adjudicating disputes.  (Lala Decl. Ex. A.)  Plaintiff alleges no facts related to that contract, and

25  absent the required elements to state a claim with respect to a purported oral contract, this cause of

26  action should be dismissed.

27

28

1

### 4. The Fourth Cause of Action Concerning Good Faith and Fair Dealing Should be Dismissed

2

3      With respect to the fourth cause of action, the complaint contains a wholly conclusory

4 allegation that OANDA violated the implied "covenant of good faith and fair dealing in all contracts

5 between parties entered in this state."  (Complaint ¶ 21.)  The complaint does not plead any facts

supporting this allegation.

6      The implied covenant of good faith and fair dealing "is a contractual relationship and does

7 not give rise to an independent duty of care." *Ragland v. U.S. Bank National Assn.*, 209 Cal. App.

8 4th 182 (2012).  Rather, "[t]he implied covenant of good faith and fair dealing is limited to assuring

9 compliance with the express terms of the contract, and cannot be extended to create obligations not

10 contemplated by the contract." *Pasadena Live v. City of Pasadena*, 114 Cal.App.4th 1089, 1094

11 (2004).  The complaint fails to plead any facts that OANDA violated an express contractual term,

12 and has nothing more to say about this purported breach of the covenant of good faith and fair

13 dealing.  As such, this cause of action should be dismissed.

14

15

### 5. The Fifth Cause of Action for Breach of Fiduciary Duty Should be Dismissed

16      The complaint alleges that "Defendants, and each of them, had a special relationship with

17 Plaintiff and, as a result, a fiduciary duty to Plaintiff directly as a client to perform the time-sensitive

18 actions required to perform currency exchanges with the Funds."  (Complaint ¶ 23.)  The complaint

19 alleges that OANDA breached its fiduciary duty by employing an "ineffective and negligent trading

20 scheme by which Plaintiff's instructions were not followed, and on occasion will trade Funds

21 without his instructions or authority."  (*Id.* ¶ 24.)  The complaint further alleges that OANDA

22 ignored Medina's complaints despite promising to investigate them.  (*Id.*)

23      The elements of a cause of action for breach of fiduciary duty are "the existence of a

24 fiduciary relationship, its breach, and damage proximately caused by that breach."  *Hasso v. Hapke*,

25 227 Cal. App. 4th 107, 140 (2014), citing *Knox v. Dean*, 205 Cal.App.4th 417, 432 (2012).  In order

26 to have a fiduciary obligation, a person "must either knowingly undertake to act on behalf and for

27 the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of

28 law." *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 221 (1983).

While an investment advisor/client relationship is one that may give rise to a fiduciary duty, *GAB Business Services, Inc. v. Lindsey & Newsom Claim Services, Inc.*, 83 Cal.App.4th 409, 417 (2000), here the complaint fails to plead that a fiduciary relationship existed between OANDA and Medina. OANDA is not an investment advisor. It provides a platform on which customers execute foreign currency trades. In fact, under the heading "No Investment Advice," the customer agreement explicitly states that "OANDA is not acting as your fiduciary or advisor in respect of any Transaction." (Lala Decl. Ex. A at 11.) Accordingly, since the complaint fails to plead any facts supporting the existence of a fiduciary relationship between OANDA and Medina, this cause of action should be dismissed.

### 6.   The Sixth Cause of Action for Fraud Should be Dismissed

Concerning the sixth cause of action for fraud, the complaint alleges that "Defendants represented to Plaintiff that they would provide currency exchange on a daily basis, with a competitive spread fee and would execute his trading instructions according to the market price plus a spread better than the competition." (Complaint ¶ 27.) However, Medina alleges that OANDA "knew that they would not provide such services," failed to disclose that the spread "was not competitive," and continued to make these allegedly "false statements orally and in their web page [sic]." (*Id.*) The complaint alleges that Medina relied on these "representations and omissions and deposited funds with OANDA," resulting in his incurring a financial loss and "los[ing] sleep, becom[ing] ill, [and] develop[ing] anxiety and gastralgia." (*Id.* ¶¶ 29-32.)

Claims sounding in fraud are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). When a plaintiff alleges some fraudulent and some non-fraudulent conduct in support of a claim, Rule 9(b)'s heightened pleading requirements are applied specifically to the fraudulent "averments" and those found wanting should be stripped from the claim. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104-05 (9th Cir. 2003). To satisfy this heightened pleading standard, Rule 9(b) requires that plaintiffs plead the "'who, what, where, when and how'" of the alleged misconduct to demonstrate it was something more than a mere business mistake. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). A court

1  may dismiss a claim grounded in fraud when its allegations fail to satisfy Fed. R. Civ. P. 9(b)'s

2  heightened pleading requirements.  *See Vega v. JP Morgan Chase Bank, N.A.*, 654 F. Supp. 2d 1104,

3  1114 (E.D. Cal. 2009).

4  California's requirement for specific pleading in fraud cases serves the purpose of

5  "separate[ing] meritorious and nonmeritorious cases, if possible in advance of trial."  *Small v. Fritz*

6  *Companies, Inc.*, 30 Cal. 4th 167, 184 (2003).  As is the case with Fed. R. Civ. P. 9(b), in California,

7  "[F]raud must be pled specifically; general and conclusory allegations do not suffice. *Committee on*

8  *Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d at 216-217.  "Thus 'the policy of

9  liberal construction of the pleadings . . . will not ordinarily be invoked to sustain a pleading defective

10  in any material respect.'"  *Fritz Companies*, 30 Cal. 4th at 184.

11  "The elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation

12  (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c)

13  intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v.*

14  *Superior Court*, 12 Cal.4th 631, 638 (1996).  Here, the complaint pleads no facts to support an actual

15  misrepresentation, knowledge of that misrepresentation on OANDA's part, intent to defraud,

16  Medina's justifiable reliance, or damages causally related to the purported fraud.  Coupled with the

17  heightened pleading standard for causes of action sounding in fraud, the complaint fails to state a

18  claim on this cause of action and should be dismissed.

19

20  **7.  *The Seventh Cause of Action for Infliction of Emotional Distress Should be Dismissed***

21  The seventh cause of action alleges infliction of emotional distress.  The complaint alleges

22  that OANDA "concealed material information from Plaintiff, ignored Plaintiff's complaints and

23  failed to take any action to reduce Plaintiff's damages, despite his many requests."  (Complaint ¶

24  36.)  As a result, the complaint alleges that "Plaintiff suffered mental anguish, and emotional and

25  physical distress, and has been injured in his mind and body as follows: Plaintiff has lost sleep,

26  become ill, developed anxiety, all to Plaintiff's damage, in an amount to be determined at trial."  (*Id.*

27  ¶ 37.)

28  Case law is settled that a plaintiff cannot recover emotional distress damages—either

intentionally or negligently inflicted—because he or she suffered at most monetary or property damage as a result of defendant's conduct.  *Ragland v. U.S. Bank National Assn*., 209 Cal. App. 4th 182 (2012); *See also Erlich v. Menezes*, 21 Cal.4th 543, 554 (1999) ("No California case has allowed recovery for emotional distress arising solely out of property damage."); *Butler-Rupp v. Lourdeaux*, 134 Cal.App.4th 1220, 1228–1229 (2005) (negligent breach of lease cannot support emotional distress damages); *Camenisch v. Superior Court*, 44 Cal.App.4th 1689, 1693 (1996) (infliction of emotional distress based on legal malpractice unavailable); *Smith v. Superior Court*, 10 Cal.App.4th 1033, 1040 (1992) ("negligence will not support a recovery for mental suffering where the defendant's tortious conduct has resulted in only economic injury to the plaintiff").  The complaint alleges no facts to support the cause of action for emotional distress beyond OANDA's purported conduct of adjusting spreads and ignoring Medina's complaints.  Absent any such factual allegations, this cause of action should be dismissed.

### C.   Discovery Should be Stayed Pending Resolution of these Motions

A stay of discovery is appropriate pending resolution of a motion that will dispose of the action, as is the case here.  Motions to stay discovery may be granted pursuant to Federal Rule of Civil Procedure 26(c).  Two factors are relevant in deciding whether to stay discovery while dispositive motions are pending. "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. Second, the court must determine whether the pending dispositive motion can be decided absent additional discovery." *Hanni v. American Airlines, Inc*., 2009 U.S. Dist. LEXIS 49338 (N.D. Cal. May 27, 2009), citing *Pac. Lumber Co v. Nat'l Union Fire Ins. Co*, 220 F.R.D. 349, 351-352 (N.D. Cal. 2003).  If the court answers these two questions in the affirmative, the court may stay discovery.  *Id.*

Staying discovery when a court believes that the plaintiff will be unable to state a claim for relief "furthers the goal of efficiency for the court and the litigants."  *Little v. City of Seattle*, 863 F.2d, 681, 685 (9th Cir. 1988); *see also Shannon v. Albertelli Firm, P.C.*, 610 F. App'x 866, 871 (11th Cir. 2015) (upholding a district court's denial of plaintiff's requests for discovery and a hearing where the district court had granted defendants' motion to stay discovery pending a ruling

on the motion to dismiss and motion to remand).  In this case, it is appropriate to stay discovery to further these goals, as the pending motion can be decided without additional discovery.

## V.     CONCLUSION

WHEREFORE, this Court should issue an Order transferring venue to the United States District Court for the Southern District of New York.  In the alternative, this action should be dismissed with prejudice for failure to state a claim.  Discovery should be stayed pending resolution of these motions.

Dated:  April 29, 2016                          **ALSTON & BIRD LLP**

By: */s/ Philip D. W. Miller*
      Philip D. W. Miller

Gidon M. Caine (SBN 188110)
Philip D. W. Miller (SBN 280537)
1950 University Avenue, Suite 500
East Palo Alto, California 94303
Tel: 650-838-2000
Fax: 650-838-2001
*gidon.caine@alston.com*
*philip.miller@alston.com*

*Attorneys for Defendant OANDA Corporation*

**CERTIFICATE OF SERVICE**

I, Kate Smith, declare:

     I am employed in the County of San Mateo, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Alston & Bird LLP, 1950 University Avenue, Suite 500, East Palo Alto, California, 94303.

     On April 29, 2016, I served the document(s) described as **DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a); *OR, IN THE ALTERNATIVE,* TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); *AND* MOTION TO STAY DISCOVERY** with the Clerk of the Court for the United States District Court, Northern District of California, by using the Northern District CM/ECF system; and, on the interested party who is not a registered CM/ECF user in this action by enclosing the document(s) in a sealed envelope addressed as follows:

     Antonio Medina
     P.O. Box 361361
     Milpitas, California 95036

☒    BY MAIL [or CERTIFIED MAIL/RETURN RECEIPT REQUESTED]:  I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 1950 University Avenue, Suite 500, East Palo Alto, California, 94303 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm.  Following ordinary business practices, I placed for collection and mailing *Via Certified Mail, Return Receipt Requested*, with the United States Postal Service such envelope at Alston & Bird LLP, 1950 University Avenue, Suite 500, East Palo Alto, California, 94303.

☒    [Federal]    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 29, 2016 at East Palo Alto, California.

                                       _____
                                              Kate Smith